United States District Court
Southern District of Texas
**ENTERED**
November 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:19-CR-228-1 |
| | § | |
| DEMETRIUS DELAAN WHITE | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the motion to vacate, correct, or set aside sentence filed by Demetrius Delaan White (Doc. # 159). The government responded to the motion, and White did not reply. Having carefully considered White's motion, the government's response, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that the White's motion should be denied.

## I.  Background

White pleaded guilty to one count of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a), (b), and (c). Plea Agreement (Doc. # 51). The Court sentenced White to 240 months imprisonment and five years of supervised release. (Doc. # 131).

After pleading guilty, but before sentencing, White attempted to withdraw his guilty plea. The Court held a hearing and denied the motion. (Doc. # 122). On November 14, 2022, White filed this motion to vacate, correct, or set aside his sentence.

II.    **Applicable Legal Standards**

White brings this motion under 28 U.S.C. § 2255, which provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  The motion contends that White received ineffective assistance of counsel in connection with his guilty plea.

III.    **Analysis**

White contends that he received ineffective assistance of counsel because his attorney did not explain to him the elements of the crime to which he pled guilty, and which the government would have been required to prove beyond a reasonable doubt had White elected to go to trial. White claims that he would not have pled guilty had he understood the elements.

To prevail on a claim for ineffective assistance of counsel, White

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment.  Second, the [petitioner] must show that the deficient performance prejudiced the defense.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In order to prevail on the first prong of the *Strickland* test, White must demonstrate that counsel's representation fell below an objective standard of reasonableness.  *Id.* at 687-88.  Reasonableness is measured against prevailing professional norms, and must be viewed under the totality of the circumstances.  *Id.* at 688.  Review of counsel's performance is deferential.  *Id.* at 689.  In assessing prejudice, "*Strickland* asks whether it is reasonably likely the result would have been different," if not for counsel's deficient performance.  *Harrington v. Richter*, 562 U.S. 86, 111 (2011)(internal quotation marks omitted). In this case, that means whether it is reasonably likely that White would not have pled guilty if not for the ineffective assistance of counsel.

The statute under which White was convicted provides, in relevant part, that:

> Whoever knowingly--
>
>> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
>>
>> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>>
>> knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C.A. § 1591(a).  White contends that his counsel was required to advise him that "will be caused to engage in a commercial sex act" for a minor victim in § 1591(a) required the government to prove beyond a reasonable doubt that White "would either <u>command</u>, <u>use his authority</u> or <u>force</u> the underage victim to engage in a commercial sex act." Memorandum in Support of Motion to Vacate (Doc. # 160) at 10 (emphasis in original).  White cites no authority in support of his interpretation, and the plain language of the statute shows that White's interpretation is wrong.

While the statute does criminalize the use of force, threats, fraud, or coercion to cause someone to engage in a commercial sex act, the statute also uses the disjunctive "or" to create a separate standard for a "person who has not yet attained the age of 18 years."  For such a minor

victim, the defendant need only "cause" the victim to engage in a commercial sex act.  Other courts have similarly found that the plain language of the statute criminalizes causing a minor to engage in commercial sex acts with or without the use of force, threats, fraud, or coercion.  As the First Circuit explained:

> The text of § 1591(a) proscribes two forms of sex trafficking: (1) sex trafficking involving a commercial sex act induced by means of force, threats of force, fraud, or coercion, or a combination thereof; and (2) child sex trafficking in which the person induced to perform the commercial sex act is under the age of 18. 18 U.S.C. § 1591(a). The *mens rea* elements for the two forms of sex trafficking are different. Under the first form, a defendant must act knowingly, or in reckless disregard of the fact, that a commercial sex act was induced by means of force, threats of force, fraud, coercion, or any combination thereof. Under the second form, a defendant must act knowingly, or in reckless disregard of the fact, that the person induced to perform the commercial sex act was not 18 years old. *Id.* With respect to this second form, Congress provided:

>> In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited, the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years.

> *Id.* § 1591(c).

*United States v. Gemma*, 818 F.3d 23, 38 (1st Cir. 2016).

White admitted in his plea agreement that: the victim was 17 years old; White and his co-defendant communicated with the victim by text and video chat; they drove to Stephenville, Texas to pick the victim up from her parents' house; they took her to a Houston motel and used their cellphones to record themselves simultaneously having sex with her; they discussed their plan to

sell the video; White's sister took the victim to buy lingerie so that they could post pictures of her wearing lingerie to solicit customers on Backpage.com; White and others posted pictures of the victim and set up a phone number for potential clients to call; more than 300 people expressed interest in having sex with the victim; White and his co-defendant brought the victim to customers' homes, motels, and truck stops and had her walk the streets so that she would engage in commercial sex for their profit; they had the victim engage in anal sex for additional money; and the victim was not allowed to keep any of the money received for her sexual services.  Plea Agreement (Doc. # 51) at 9-10.  These facts plainly establish the elements of child sex trafficking, *i.e.*,  that the defendants used means of interstate commerce, that the victim was under 18 years of age, that White had sufficient opportunity to observe the victim, and that White caused the victim to engage in commercial sex acts for his profit.

White's ineffective assistance of counsel claim is based on his misunderstanding of the *mens rea* element of the crime.  Because the victim was under 18 years of age, the government would not have been required to prove the use of force, threats of force, fraud, or coercion had White gone to trial.  Counsel did not render deficient performance by failing to incorrectly inform White to the contrary.  White therefore fails to demonstrate ineffective assistance of counsel, and he is not entitled to relief.

IV.    **Conclusion**

For the foregoing reasons, White's motion is denied.

V.    **Certificate Of Appealability**

White has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A defendant may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a request for a COA until the district court has denied such a request.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the defendant has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A defendant "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further."  *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

This Court has carefully reviewed the record in this case.  The Court finds that jurists of reason would not find it debatable that White fails to establish that he received ineffective assistance of counsel. White has therefore failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and is not entitled to a certificate of appealability.

**VI.** **Conclusion And Order**

For the foregoing reasons, it is ORDERED as follows:

1.    Demetrius Delaan White's motion to vacate, set aside, or correct sentence (Doc. #

159) is DENIED; and

2.    No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum

and Order.

It is so Ordered.

SIGNED on November 9, 2023, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge